IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 4:19-cr-00285-DCC-1 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Selton Bogar ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on Defendant Selton Bogar's Motion for Compassionate Release, seeking reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 161. The Government filed a Response in Opposition. ECF No. 162. For the reasons set forth below, the Motion is dismissed without prejudice.

## **BACKGROUND**

Mr. Bogar pleaded guilty on October 15, 2019, to a three-count Information, charging conspiracy to possess and possession with the intent to distribute and/or distribute 50 grams or more of a mixture of substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846 and unlawful transport of firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). ECF Nos. 86, 87. On December 2, 2019, he was sentenced to 180 months of imprisonment and five years of supervised release. ECF Nos. 112, 115. On June 29, 2020, the Government moved for a reduction in Mr. Bogar's sentence pursuant to Federal Rule of Civil Procedure 35(b). ECF No. 130. The Court held a hearing on the Motion on October 5, 2020, and reduced his sentence to 120 months of imprisonment and four years of supervised release. ECF Nos. 142, 143, 144. Mr. Bogar requested the appointment of counsel for compassionate release on February 24, 2021. ECF No. 153. The Court

appointed counsel on May 21, 2021. ECF No. 154. Mr. Bogar filed his Motion for Compassionate Release on July 12, 2021. ECF No. 161. Following briefing by the parties, the Motion is now before the Court.

## APPLICABLE LAW

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) permits modification of a term of imprisonment upon motion of the defendant after exhaustion of the defendant's administrative remedies. If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission,"[1] the court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. *Id*. The statute further instructs the court to "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id*.; *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (noting "a district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)" without considering the § 3553(a) factors). Therefore, in order to grant compassionate release pursuant to § 3582(c)(1)(A)(i), the district court must (1) find that "extraordinary and compelling reasons" warrant a reduction in the prisoner's sentence,

---

[1] Although U.S.S.G. § 1B1.13(1)(A) is entitled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," by its terms it addresses only those requests brought "[u]pon motion of the Director of the Bureau of Prisons." It is therefore inapplicable to compassionate release motions filed by defendants pursuant to § 3582(c)(1)(A)(i). *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Because no applicable sentencing guideline exists, "§ 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts." *Id*.

and (2) consider the applicable § 3553(a) factors in light of the prisoner's extraordinary circumstances.[2]  *Kibble*, 992 F.3d at 330, 332.

## DISCUSSION

*Exhaustion*

The First Step Act requires defendants to exhaust their administrative remedies before moving the Court for compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  To satisfy the exhaustion requirement, "incarcerated persons must first ask the [Bureau of Prisons ("BOP")] to file a motion for compassionate release on their behalf, and then, either (1) appeal the BOP's failure to bring a motion on their behalf, or (2) allow 30 days to lapse after making the request[.]"  *Kibble*, 992 F.3d at 330 n.2.

In a letter to the Court requesting appointment of counsel, Mr. Bogar claims that he wrote to the Warden requesting compassionate release but did not receive a response.  ECF No. 153.  Counsel for Mr. Bogar also asserts he has exhausted his administrative remedies based on her discussions with him and his representation to this Court.  ECF No. 161 at 2.  However, the Government contends Mr. Bogar has not exhausted his administrative remedies because the BOP has no record of any request.  ECF Nos. 162 at 8; 162-1.  Upon review of the record, the Court finds Mr. Bogar has failed to include any evidence of his alleged request to the Warden for compassionate release.

"A defendant must bear the burden of proof before a court can grant a compassionate release motion."  *United States v. Harris*, No. 6:17-cr-00418-JMC, 2021

---

[2] Because the statute "does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release," the Fourth Circuit has understood this language "as providing district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release."  *Kibble*, 992 F.3d at 331 n.3.

WL 1016216, at *3 (D.S.C. Mar. 17, 2021); *see also United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (noting the defendant has the burden of establishing he is entitled to compassionate release under § 3582(c)(1)(A)).  Because Mr. Bogar has failed to demonstrate that he filed a request with the Warden for compassionate release, he has not exhausted his administrative remedies as required.  *See, e.g.*, *United States v. Williams*, 829 F.App'x 138, 140 (7th Cir. 2020) (affirming the district court's denial of compassionate release where the defendant failed to present any proof that he satisfied § 3582(c)(1)(A)'s exhaustion requirement);  *United States v. Ware*, No. 3:15-cr-0494-B-2, 2021 WL 1662497, at *2 (N.D.Tex. Apr. 28, 2021) (denying without prejudice defendant's motion for compassionate release because he provided no evidence demonstrating the warden received his request and thereby failed to comply with the exhaustion requirement).  Accordingly, the Court dismisses Mr. Bogar's Motion without prejudice.  If Mr. Bogar exhausts his administrative remedies, he is free to file a new motion for compassionate release in this Court.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release [161] is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 28, 2021
Spartanburg, South Carolina